# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 14-278V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MELANIE YALACKI,                           *
                                           *          Special Master Corcoran
                        Petitioner,        *
                                           *          Dated: October 13, 2017
v.                                         *
                                           *          Attorney's Fees and Costs;
                                           *          Interim Fees.
SECRETARY OF HEALTH AND                    *
HUMAN SERVICES,                            *
                                           *
                        Respondent.        *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Sarah Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 10, 2014, Melanie Yalacki filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that as a result of receiving the Hepatitis B vaccine on June 2, 2011, she suffered from chronic fatigue syndrome and Postural Orthostatic Tachycardia. *See* Petition at 1. After extensive expert filings from both parties, I scheduled the matter for an entitlement hearing to take place from January 22-23, 2018. *See* Prehearing Order, dated February 3, 2017 (ECF No. 55).

---

[1] Although this decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now requested an interim award of attorney's fees and costs in the total amount of $80,561.57 (representing $73,022.40 in attorney's fees and $7,539.17 in costs). *See* Motion for Interim Attorney's Fees and Expenses, dated Sept. 25, 2017 (ECF No. 59) ("Interim Fees App.").

Respondent reacted to the motion on October 10, 2017, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award and the amount to be awarded, if any. *See* Response to Motion for Interim Attorney's Fees and Costs, dated Oct. 10, 2017 (ECF No. 62) at 2.

For the reasons stated below, I hereby **GRANT** Petitioner's Motion, awarding at this time interim fees and costs in the total amount of **$79,120.87**.

## Procedural History

This action has been pending for over three years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorney, Richard Gage, Esq., began working on the matter on March 27, 2013, a year before the case was even filed. *See* Interim Fees App., Tab A. During that period of time, it appears that Mr. Gage (and his associates) was performing record collection and contacting experts. *Id*. Petitioner filed complete medical records and a statement of completion on August 6, 2014 (four months after the case was filed). Respondent filed his Rule 4(c) Report in October 2014. *See* Respondent's Rule 4(c) Report, dated Oct. 6, 2014 (ECF No. 14).

Thereafter the parties began filing expert reports, a process that was not completed until January 13, 2017. To date, Petitioner has submitted the reports from three different experts, accounting for five reports total. In response, Respondent has submitted three expert reports from two experts. I ultimately determined that the disputed issues in the case necessitated an entitlement hearing. As previously mentioned, that hearing has been scheduled for January 2018.

After the Pre-hearing Order was issued, Petitioner filed the present interim request for an award of attorney's fees and costs. *See generally* Interim Fees App. Petitioner specifically requests that Mr. Gage be compensated at hourly rates of $294.86, $299.64, $300, $311, and $318 for work performed from 2013-2017, respectively. Petitioner also requests reimbursement for Mr. Gage's associates and paralegals. Interim Fees App. The associates billed at varying hourly rates from $151.00 to $251.00. *Id*. at Tabs D-H. The paralegals billed for work from 2013-2017 at varying rates from $112-$120. *Id*. at Tab I.

Costs have also been incurred in the matter for record collection and expert opinions. The total for both categories is $7,539.17. Interim Fees App. at Tab J. Although three experts have opined for Petitioner, it appears that Petitioner is only requesting reimbursement for costs incurred

for retaining Dr. Yehuda Shoenfeld, M.D. Dr. Shoenfeld billed for 13 hours of work spent on the case at an hourly rate of $500, for a total of $6,500.00.

## ANALYSIS

### I.      Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here, meaning while the case is still pending). *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, *slip op.* at 3 (Apr. 17, 2017). This matter meets all but one of that criteria. It has been pending for over three years (plus one year before the case was filed), and given that the hearing has yet to take place, the case may take significant additional time to resolve. The total amount of attorney's fees requested also exceeds the minimum threshold that I find to be appropriate, and Petitioner will continue to incur additional attorney's fees through the briefing and hearing process. While I do not always find an interim fees award appropriate, this case merits an interim award.

### II.      Amounts Requested for Petitioner's Attorneys

I must now evaluate what the magnitude of Petitioner's interim attorney's fee award should be. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86

Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[3] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2013-2017 as detailed above. I have found that the attorneys practicing at The Richard Gage, P.C. law firm located in Cheyenne, Wyoming, are not "in-forum" and thus not entitled to the forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Auch*, 2016 WL 3944701. In *Auch*, which only involved work performed through 2015, I awarded hourly rates of $294.86, $299.64, and $300.00 for 2013-2015, respectively, basing my yearly increase on the consumer price index ("CPI"). *Auch*, 2016 WL 3944701, at *12.

In the present request, Petitioner requests rates for 2013-2015, plus 2016-2017 ($311, $318). Fees App., Tab C. The special masters, however, currently favor using the producer price index for the office of lawyers ("PPI-OL") as the rate inflator rather than the CPI. I will not adjust the rates that I previously awarded in *Auch*, but I will adjust the rates for 2016 and 2017 consistent with the PPI-OL. Thus, the rate for 2016 for Mr. Gage that I award herein is $306.00 per hour, and the hourly rate for 2017 is $314.00.[4]

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

[4] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. *See OSM Attorneys' Forum Hourly Rate Fee Schedules 2017*, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed Oct. 11, 2017). The PPI-OL rate for 2016 was derived by multiplying Mr. Gage's 2015 rate, consistent with *Auch*, of $300 by the PPI-OL index for January 2015 (196.8) and then dividing by the PPI-OL index for January 2014 (192.7), after rounding to the nearest dollar, the hourly rate for 2016 came to $306. Similarly to calculate the 2017 rate, the 2016 hourly rate was multiplied by the PPI-OL index for January 2016 (201.8) and then divided by the PPI-OL index for January 2015 (196.8), after rounding to the nearest dollar, the hourly rate for 2017 came to $314.

The hours expended on this matter appear to be reasonable. Applying these new rates to the time requested for Mr. Gage results in a reduction of $240.70. I also find that the rates requested by the associates and paralegals are reasonable and will be awarded. Thus the new total to be awarded for attorney's fees is $72,781.70.

## III.    Requested Costs

Petitioner also requests an interim award of costs incurred in acquiring medical records and to obtaining expert opinions. I will award the first category in full for a total of $1,539.17. As for the second category, while I will award the majority of the expert costs, I will reduce the hourly rates of Dr. Shoenfeld to $400 per hour, consistent with other decisions in the Program. *See Carda v. Sec'y of Health & Human Servs.,* No. 14-191, 2016 WL 5224406, at *4 (Fed. Cl. Spec. Mstr. Aug. 19, 2016); *Laderer v. Sec'y of Health & Human Servs.*, No. 09-097V, 2016 WL 3044838, at *6 (Fed. Cl. Spec. Mstr. Apr. 20, 2016); *Rowan v. Sec'y of Health & Human Servs.*, No. 10-272V, 2014 WL 3375588, at *6 (Fed. Cl. Spec. Mstr. June 19, 2014). Dr. Shoenfeld billed 13 hours[5] at a rate of $500 per hour, but this rate will be reduced herein to $400 per hour (*Carda,* 2016 WL 5224406, at *7); resulting in a $1,200.00 reduction.

Accounting for the new total for expert costs, and the adjustments made to Mr. Gage's hourly rate, the total amount to be awarded for interim attorney's fees and costs is $79,120.87 ($80,561.57 - $240.70 - $1,200.00 = $79,120.87).

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Motion for Interim Attorney's Fees.

I therefore award a total of **$79,120.87** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Richard Gage, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

---

[5] Dr. Shoenfeld's invoice reflects that he billed 13 hours to the matter at a rate of $500 per hour, for a total of $6,500, but credited Petitioner for a $2,000 retainer. Interim Fees App., Tab J. Petitioner however, only paid a $1,500 retainer, and an additional payment of $4,500, for a total of $6,000, accounting for 12 hours of work. That amount is $500 lower than was billed by Dr. Shoenfeld. Here, I will only award the hours that have actually been paid by Petitioner (12 hours) —at the lower rate of $400 per hour. If Petitioner resolves the discrepancy with Dr. Shoenfeld, and submits a corrected invoice, she may request the remaining hour of work in a future fees request.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master