# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Filed:  August 12, 2020)

```
* * * * * * * * * * * * *
MELANIE YALACKI,                *       UNPUBLISHED
                                *
                                *       No. 14-278V
            Petitioner,         *
                                *       Special Master Dorsey
v.                              *
                                *       Attorneys' Fees and Costs
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner
Heather L. Pearlman, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 10, 2014, Melanie Yalacki ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that that the Hepatitis B vaccine she received on June 2, 2011, caused her to suffer chronic fatigue syndrome and/or postural orthostatic tachycardia syndrome. Petition at 1-2. An entitlement hearing was held on January 22-23, 2018, and on January 31,

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

2019, the previously assigned special master issued his decision denying entitlement.[3] The Court of Federal Claims affirmed this decision on July 15, 2019.

On October 18, 2019, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 117). Petitioner requests total compensation in the amount of $133,028.19, representing $102,865.50 in attorneys' fees and $30,162.69 in costs. Fees App. at 4. Pursuant to General Order No. 9, counsel has submitted a statement certifying that he "did attempt to contact Petitioner regarding her costs. However, the Petitioner has not responded to any of the undersigned's attempts. To the best of the undersigned's knowledge Petitioner has no out-of-pocket expenses." Fees App. at 60. Respondent filed his response on November 1, 2019 indicating that he "defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case" and, if so, to "determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 119). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $128,909.41.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). Here, the undersigned does not doubt the petition was brought in good faith, and the undersigned finds that there was a reasonable basis to file the claim. Respondent also has not challenged the reasonable basis of the claim. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85

---

[3] On October 8, 2019, the instant case was reassigned to the undersigned for resolution of attorneys' fees and costs.

2

Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of her attorneys: for Mr. Gage, $318.00 per hour for work performed in 2017, and $326.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019; for Ms. Kristen Blume, $260.00 per hour for work performed in 2017, $270.00 per hour for work performed in 2018, and $338.00 per hour for work performed in 2019; for Mr. Dustin Lujan, $150.00 per hour for work performed in 2015 and 2016; and for paralegals, $120.00 per hour.

Ms. Blume's requested rates for 2017 and 2018 are unreasonable because they exceed what she has previously billed at and been awarded. See, e.g., Demitor v. Sec'y of Health & Human Servs., No. 17-564V, 2020 WL 1027955, at *4-5 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); Williams v. Sec'y of Health & Human Servs., No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); Ellis v. Sec'y of Health & Human Servs., No., 2019 WL 3315326, at *7 (Fed. Cl. Spec. Mstr. Jun. 24, 2019). The question of what Ms. Blume should be awarded for 2017 and 2018 is well-settled by this Court, and the undersigned shall compensate her time for those years at $251.00 per hour. However, upon review the undersigned find's Ms. Blume's requested hourly rate for 2019 to be reasonable. See Oberheim v. Sec'y of Health & Human Servs., No. 17-725V, 2020 WL 733919, at *1 (Fed. Cl. Spec. Mstr. Jan. 10, 2020). Application of these rates results in a reduction of $1,517.50.

### ii. Reasonable Hours Expended

Upon review, the undersigned finds that the hours billed by Ms. Blume also require reduction. It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case

file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. Broekelschen v. Sec'y of Health & Human Servs., 2008 U.S. Claims LEXIS 399, at **13–14 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); see also Jeffries v. Sec'y of Health & Human Servs., 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); Plott v. Sec'y of Health & Human Servs., 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997).

In the instant case, Ms. Blume has billed several large blocks of time without describing the tasks in specific enough detail. For example, Ms. Blume billed 5.7, 6.3, 8.4, 6.9, and 7.2 hours on "Hearing prep", 10.2 hours on "Read Hearing Transcript for Oral Argument", and 9.8 hours on "Study and analyze case for Oral Argument." Fees App at 32-33. Entries like these do not allow the undersigned to assess the reasonableness of the time billed because they do not describe Ms. Blume's work with enough specificity. Accordingly, the undersigned will reduce Ms. Blume's billed hours by five percent, resulting in a reduction of $2,601.28.

Petitioner is therefore awarded final attorneys' fees of $88,917.55.

### b.  Attorneys' Costs

Petitioner requests a total of $30,162.69 in attorneys' costs. This amount postage, copies, travel costs for counsel to attend the entitlement hearing in Washington, DC, and work done by petitioner's experts, including testifying at the hearing. The undersigned has reviewed petitioner's request for attorneys' costs and finds the amount to be reasonable. Petitioner has supported all requested costs with documentation, and the work done by petitioner's various experts appears to be reasonable in the undersigned's experience. Accordingly, the full amount of costs is awarded.

## II.   Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and his counsel as follows:

| Attorneys' Fees Requested | $102,865.50 |
|---|---|
| (Reduction of Fees) | - ($4,118.78) |
| **Total Attorneys' Fees Awarded** | **$98,746.72** |
|  |  |
| Attorneys' Costs Requested | $30,162.69 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$30,162.69** |
|  |  |
| **Total Attorneys' Fees and Costs Awarded** | **$128,909.41** |

4

**Accordingly, the undersigned awards $128,909.41 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.