# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MELANIE YALACKI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-278V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Motion for Relief from Judgment; RCFC |
| AND HUMAN SERVICES, | * | 60(b)(1). |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | * | |

## DECISION GRANTING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

On April 10, 2014, Melanie Yalacki ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq., ("Vaccine Act")[2] alleging that the Hepatitis B vaccine she received on June 2, 2011, caused her to suffer chronic fatigue syndrome and/or postural orthostatic tachycardia syndrome. Petition at 1-2 (ECF No. 1).

An entitlement hearing was held on January 22-23, 2018, and on January 31, 2019, the previously assigned special master issued his decision denying entitlement. The Court of Federal Claims affirmed this decision on July 15, 2019. Subsequently, petitioner moved for attorneys' fees and costs, and on August 12, 2020, the undersigned issued a decision awarding them. Decision dated Aug. 12, 2020 (ECF No. 127).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

**I.     RELEVANT BACKGROUND**

After judgment entered on the decision awarding attorneys' fee and costs, petitioner filed a motion to supplement entitled a Rule 60(b) Motion, requesting reimbursement of a $4,332.00 wire transfer paid for her expert's travel costs.  Petitioner's Rule 60B Motion ("Pet. Mot."), filed Oct. 13, 2020 (ECF No. 131).  Petitioner explained that these costs were inadvertently overlooked and left out of petitioner's fees application because they were paid through a wire transfer instead of a check.  Id. at 1.

Respondent objected to petitioner's request.  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Oct. 26, 2020 (ECF No. 132).  Respondent argued that petitioner did not specify which subsection of RCFC 60(b) applied and failed to provide a legal justification as to why a final judgment should be reopened.  Id. at 1-2.  Respondent further objected to the payment of the cost because there was insufficient documentation to substantiate the requested cost.  Id. at 2.

After a review of the record by the undersigned, petitioner was directed to file additional information in support of her motion.  Order dated Jan. 14, 2021 (ECF No. 133).  On February 16, 2021, petitioner filed a memorandum and additional documentation.  Memorandum in Support of Vaccine Rule 36 Motion for Relief from Judgment ("Pet. Memo."), filed Feb. 16, 2021 (ECF No. 135).  Respondent did not file any additional objections by the court-imposed deadline.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$3,249.00**.

**II.    LEGAL STANDARD**

Vaccine Rule 36(a) allows a party to seek relief from judgment pursuant to RCFC 60.  In determining whether a judgment should be set aside or altered, "the need for finality of judgments" must be balanced against "the importance of ensuring that litigants have a full and fair opportunity to litigate."  Kennedy v. Sec'y of Health & Hum. Servs., 99 Fed. Cl. 535, 539 (2011) (citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 276 (2010)); see also Bridgham ex rel. Libby v. Sec'y of Health & Hum. Servs., 33 Fed. Cl. 101, 104 (1995) (discussing the "tension between the goals of ensuring that the court's judgment appropriately reflects the adjudication of the parties' rights and of providing the parties with certainty as to those rights").

"The court has discretion regarding whether to grant relief under rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'"  Curtis v. United States, 61 Fed. Cl. 511, 512 (2004) (citing Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241-42 (2000)).  Rule 60(b) as a remedial provision is to be "liberally construed for the purpose of doing substantial justice."  Patton v. Sec'y of Health & Hum. Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, relief should not be granted "if substantial rights of the party have not been harmed by the judgment."  Dynacs Eng'g Co., 48 Fed. Cl. at 242.

Under RCFC 60(b), the court may grant relief from a final judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

RCFC 60(b). Motions for relief under RCFC 60(b) "seek . . . to set aside a final decision and it is incumbent upon the motion-filer to demonstrate that [s]he . . . is entitled to relief." Kennedy, 99 Fed. Cl. at 550. The motion's statements are "not like a pleading . . . in which the factual allegation[s] are presumed true." Id.

RCFC 60(b)(1) allows post judgment relief for "mistake, inadvertence, surprise, or excusable neglect." The Rules do not define the meaning of "mistake" under Rule 60(b)(1); however, the U.S. Court of Federal Claims has held that the term encompasses "[a]n error, misconception, or misunderstanding; an erroneous belief." Curtis, 61 Fed. Cl. at 514 (2004) (quoting Black's Law Dictionary, 1017 (7th ed. 1999)). The "mistake" at issue may be on the part of a party, counsel, or the court. Id. at 514-15.

RCFC 60(c)(1) requires that "[a] motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). Any motion seeking relief under RCFC 60(b)(1) that is filed after the one-year mark is completely barred. See United States v. Berenguer, 821 F.2d 19 (1st Cir. 1987); Freeman v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 280, 283 (1996); Kenzora v. Sec'y of Health & Hum. Servs., No. 10-669V, 2015 WL 6121582, at *2 (Fed. Cl. Spec. Mstr. Sept. 25, 2015).

To establish a meritorious claim, a claim needs to be legally tenable. See Curtis v. United States, 61 Fed. Cl. 511, 512-13 (2004); Stelco Holding Co. v. United States, 44 Fed. Cl. 703, 709 (1999). The claim must be meritorious prior to any grant of relief under RCFC 60(b) such that "vacating the judgment will not be an empty exercise." Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 20 (1st Cir. 1992).

### III.  ANALYSIS

#### A.  Relief Is Appropriate Under RCFC 60(b)(1)

Petitioner seeks post-judgment relief pursuant to RCFC 60(b)(1) based on mistake or inadvertence. Pet. Memo. at 2-3. The undersigned agrees that RCFC 60(b)(1) is applicable and

3

finds petitioner has established a basis for seeking reimbursement of the cost under RCFC 60(b)(1).

Petitioner's motion and memorandum articulates that Dr. Shoenfeld's flight cost was not included in the original application due to mistake or inadvertence by her counsel. Petitioner explains that Dr. Shoenfeld's flights were paid via wire transfer, instead of check, and thus, the cost was "overlooked." Pet. Mot. at 1. Dr. Shoenfeld's cost of flying to D.C. for the entitlement hearing is a cost that would have been awarded, at least in part, had it been submitted with petitioner's initial request for fees and costs. Additionally, petitioner's motion was filed within the appropriate timeframe.

Other special masters have similarly granted motions for relief from judgment under RCFC 60(b) where a petitioner failed to submit full invoices or inadvertently omitted invoices from their fees applications when requesting an award of fees and costs. See, e.g., Keenan v. Sec'y of Health & Hum. Servs., No. 17-189V, 2018 WL 5573432, at *3 (Fed. Cl. Spec. Mstr. Sept. 12, 2018); Brock v. Sec'y of Health & Hum. Servs., No. 90-1752V, 1993 WL 266510, at *3-4 (Fed. Cl. Spec. Mstr. July 1, 1993); Sweat v. Sec'y of Health & Hum. Servs., No. 14-329V, 2016 WL 4483039, at *1-2 (Fed. Cl. Spec. Mstr. June 16, 2016); Schmidt v. Sec'y of Health & Hum. Servs., No. 13-143V, 2016 WL 4483031, at *2 (Fed. Cl. Spec. Mstr. June 7, 2016); Williamsen v. Sec'y of Health & Hum. Servs., No. 10-223V, 2014 WL 1388894, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 4, 2014).

Respondent objected to petitioner's motion because petitioner did not initially provide "a legal justification as to why this final judgment should be reopened." Resp. Response at 2. Specifically, respondent argued petitioner did not specify under which subsection of RCFC 60(b) she was seeking post-judgment relief. However, the undersigned finds petitioner's memorandum, filed after respondent's objections, provides adequate legal justification for the reasons stated above. Therefore, relief under RCFC 60(b)(1) is appropriate in this case.

### B. Appropriate Amount of Costs Awarded

The undersigned finds it appropriate to reduce petitioner's requested cost. Dr. Shoenfeld's roundtrip flight between Tel Aviv, Israel and Washington, DC cost $4,332.00, as evidenced by a January 19, 2018 wire transfer to "Ophir Tours." Pet. Mot. at 3. Petitioner states that Dr. Shoenfeld flew business class but acknowledges that compensation for this type of cost is typically calculated based on economy rates. Petitioner argues that Dr. Shoenfeld is in his seventies and had to travel internationally for the entitlement hearing, and thus, "[r]eimbursing him for flying business across the Atlantic is a reasonable accommodation given the circumstances." Pet. Memo. at 1-2.

Petitioner provided an email with Dr. Shoenfeld's flight information and copies of his tickets, although the price of the ticket does not appear on these documents. Pet. Memo. at 5-8. The email, which details his flight information, was sent on Wednesday, January 17, 2018, four days before the flight. Id. at 5-6. It is impossible to know when the ticket for the flight was purchased based on the records provided.

Regardless of when the tickets were purchased, the undersigned finds this cost excessive. An online search shows that the average flight, arriving and departing on the same days of the week (for coach or economy seating) generally cost between $800.00 and $1,350.00 depending on when the flight was scheduled.[3]  This includes flights scheduled for similar days in January 2022.[4]

The Vaccine Program does not compensate such a significant disparity in price without more explanation.  See, e.g., Mooney v. Sec'y of Health & Hum. Servs., No. 05-226V, 2014 WL 7715158, at *12 (Fed. Cl. Spec. Mstr. Dec. 29, 2014) (declining to compensate for higher airfare cost for counsel to sit in a higher class of seating when the extra expense was for comfort); McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *22 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (declining to compensate for the increased price of a first-class plane ticket).

Other special masters have similarly reduced the cost of Dr. Shoenfeld's flights between Tel Aviv and Washington, DC in the past.  See, e.g., Otto v. Sec'y of Health & Hum. Servs., No. 16-1144V, 2020 WL 1304189, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2020); Schultz v. Sec'y of Health & Hum. Servs., No. 16-539V, 2019 WL 5095634, at *3 (Fed. Cl. Spec. Mstr. Aug. 15, 2019).

Therefore, for the reasons stated above, the undersigned reduces petitioner's requested cost of $4,332.00 by 25%, resulting in a reduction of $1,083.00.

## IV.   CONCLUSION

Based on all of the above, the undersigned finds it reasonable to compensate petitioner and her counsel $3,249.00, representing Dr. Shoenfeld's airfare.

**Accordingly, the undersigned awards $3,249.00 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

---

[3] See Kayak, https://www.kayak.com/flights/TLV-IAD/2021-05-23/2021-05-26?fs=cabin=-m,b;stops=1&sort=bestflight_a (last visited Apr. 26, 2021).  Prices in this range were achieved using Kayak when scheduling flights a week to a month in advance.

[4] See Kayak, https://www.kayak.com/flights/TLV-IAD/2022-01-09/2022-01-12?sort=bestflight_a&attempt=1&lastms=1614367586978&fs=cabin=-m,b;stops=-2 (last visited Apr. 26, 2021).  The undersigned recognizes that these costs may be affected due to the Covid 19 pandemic.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
